IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Deanna E. Shaw as the Personal Representative of the Estate of Keishawn Omar McManus,<br><br>          Plaintiff,<br><br>   vs.<br><br>SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, BRYAN STIRLING in his official capacity as Head of South Carolina Department of Corrections, CHARLES WILLIAMS, JR, individually and/or in his official capacity as warden of Perry Correctional Institution, JOHN DOE and JOHN DOE 1, individually and/or in his official capacity as a correctional officer at Perry Correctional Institution, and JANE DOE, individually and/or in her official capacity as a nurse at Perry Correctional Institution,<br><br>         Defendants. | C/A No. 1:21-cv-2259-JFA-SVH<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)**<br><br>(42 U.S.C. § 1983 Fourth and Fourteenth Amendment Wrongful Death and Survival; South Carolina Tort Claims Act Wrongful Death, Survival, and Gross Negligence; U.S.C. §1983 Supervisor and State Actor Liability; U.S.C. §1983 Fourth and Fourteenth Amendment Violations) |

The Plaintiff, by and through the undersigned attorneys, and complaining of the Defendants will hereby allege the following facts:

**PREFACE**

The Plaintiff, Deanna F. Shaw, is the duly appointed Personal Representative of the Estate of Keishawn Omar McManus (Decedent) by order of the Probate Court of Lancaster County, South Carolina. Plaintiff brings these civil rights claims against the South Carolina Department of Corrections (hereinafter referred to as "Department") and individual directors, wardens, supervisors, and officers involved with the intake and detention of Decedent while in

the Department.

Federal claims of wrongful death and survival are brought pursuant to 42 U.S.C. § 1983 against individual officers for being unreasonably and deliberately indifferent to Decedent's safety, health, and medical condition while at SCDC. Plaintiff also alleges federal claims against the supervisory officials of the Department on theories of supervisory and state actor liability for unconstitutional official policies, customs, and practices that violated the Decedent's constitutional rights. Additional allegations of liability are brought against Defendants Stirling, and Williams for inadequate training and supervision of employees that proximately caused Decedent's injuries at SCDC.

Plaintiff also brings wrongful death and survival act claims against Department and Bryan Stirling in his representative capacity for the South Carolina Department of Corrections pursuant to the South Carolina Tort Claims Act for gross negligence based on breach of duty in the care and custody of Decedent McManus during his detention.

**PARTIES**

1.     Plaintiff Deanna F. Shaw is the duly appointed Personal Representative of the Decedent's Estate by the Lancaster County, South Carolina Probate Court.

2.     Defendant Bryan Stirling is the Director of the South Carolina Department of Corrections. The South Carolina Department of Corrections is a political subdivision of the State of South Carolina and has authority over the Perry Correctional Institute. Defendant Charles Williams, Jr. was the Warden at Perry when Decedent was incarcerated there. Stirling, and Williams, Jr., are named as Defendants under the §1983 federal cause of action for the implementation of, or failure to implement, official policies, customs, and practices that proximately caused the injuries, damages, and death of the Decedent. Plaintiff seeks only

2

compensatory damages against the Department of Corrections.  Plaintiff seeks compensatory and punitive damages on the supervisory state actor liability claim.

3.      Individual Defendants John Doe, John Doe 1 and Jane Doe were, at all times relevant, acting under color of state law and in the course and scope of their employment as employees of the South Carolina Department of Corrections.  They are sued in their individual capacity for compensatory and punitive damages under federal causes of action only.

## JURISDICTION

4.      Plaintiff brings the state law claims pursuant to the South Carolina Claims Act, S.C. Code Ann. § 1-78-10 *et seq*. The incident that gives rise to this action occurred in Greenville County, South Carolina. Plaintiff further invokes this Court's jurisdiction due to claims arising under the United States Constitution and federal statutes, specifically 42 U.S.C. § 1983, 1988, and the Fourth and Fourteenth Amendments to the United States Constitution as well as its concurrent jurisdiction to hear state law claims.

## STATEMENT OF THE FACTS

5.      On or about December 21, 2017, Decedent entered South Carolina Department of Corrections at Kirkland Reception Evaluation Center.

6.      That on or about February 6, 2018, the Decedent was transferred to the Lee Correctional Institute (Lee).

7.      On April 15, 2018, the Decedent was transferred to Lieber Correctional Institute (Lieber) on January 24, 2019.  On or about May 16, 2019, the Decedent was transferred to Perry Correctional Institution (Perry).

8.      Once Decedent was transferred to Perry, he was immediately confined to lockdown whereby he was confined to 8 feet (8') by 8 feet (8') cell for twenty-three (23) hours

per day. The Decedent was supposed to get exercise one (1) hour a day, which sometimes occurred but sometimes did not occur.  The Decedent's lockdown cell had a small window.  The cell was made of concrete and steel. The Decedent had a bed and a urinal.

9.     While the Decedent was incarcerated within the SCDC, and specifically while incarcerated within the Department, he constantly complained, at medical call and other times, about his sickle cell disease symptoms to the officers, staff, agents, and employees. The complaints included, but were not limited to, acute pain, seizures, infection, and sickle cell crisis. The SCDC, Stirling, Williams, John Doe, John Doe 1, and Jane Doe, and other employees similarly situated were either unwilling and/or unable to properly care for the Decedent or chose not to properly care for the Decedent.

10.     The Decedent complained about his medical and emotional condition to various prison personnel to the point that a teleconference was arranged with a mental health counselor named Jane Doe.  After hearing the pleas of Decedent, including his statement that he would end his life unless there was immediate help, Jane Doe (and other yet unidentified persons) ignored the critical condition of the Decedent and told him she would "check" with him the next day. Decedent responded to her putting him off with "I will not be here tomorrow."  Decedent hung himself later that night.

11.     Subsequent to Decedent hanging himself on January 31, 2020, the South Carolina Law Enforcement Division (SLED) began an investigation into the Decedent's suicide, which is still under investigation today to determine the facts and circumstances surrounding this incident.

12.     On information and belief, correctional officers at all South Carolina correctional facilities must periodically check on each prisoner they are assigned and physically see the prisoner to confirm his or her wellbeing.

4

13. The Defendants John Doe, and John Doe 1 are correctional officers at Perry who were charged with the responsibility of periodically checking on and physically looking at the Decedent to confirm the Decedent's wellbeing.  That Defendants John Doe and John Doe 1 failed to perform their duty and responsibility, and failed to adhere to their training, if any they had, in physically confirm the wellbeing of the Decedent.

14. On information and belief, John Doe and John Doe 1 electronically recorded that they properly checked on Decedent using an electronic system—yet they he failed to observe the Decedent prior to finding him hanging lifeless in his cell.

15. The Defendants, John Doe, John Doe 1, and or Jane Doe, purposely covered, or attempted to cover, their failure to confirm the wellbeing of the Decedent by falsifying or manipulating in a fraudulent manner the records that showed that he had been properly observed to confirm his well being, when in fact, the Defendants John Doe, John Doe 1,  and or Jane Doe, had not checked on the Decedent to confirm his wellbeing.

**FOR A FIRST CAUSE OF ACTION 42 U.S.C. § 1983, FOURTH AND FOURTEENTH AMENDMENT WRONGFUL DEATH CLAIM AGAINST DEFENDANTS, STIRLING, WILLIAMS, JR., JOHN DOE JOHN DOE 1, AND JANE DOE, FOR DELIBERATE INDIFFERENCE TO  DECENDENTS HEALTH AND SAFETY AND FAILURE TO TREAT A KNOWN MEDICAL CONDITION WHILE AT PERRY**

16. Plaintiff would reallege the factual allegations in the previous paragraphs as if fully set forth herein.

17. Plaintiff claims damages for the wrongful death of Decedent and for the loss of his income, services, protection, care, assistance, society, companionship, comfort guidance, counsel and advice, and for funeral and burial expenses under 42 U.S.C. 1983 and the South Carolina Wrongful Death statute.

18. Defendants Stirling, Williams, Jr., John Doe, John Doe 1, and/or Jane Doe knew

or should have known Decedent suffered from severe and debilitating pain and discomfort from his sickle cell condition that went untreated by these Defendants. The Defendants were unreasonable and deliberately indifferent to the serious medical needs and failed to take reasonable steps to address his condition.  They breached their constitutional duty to Decedent by their acts and omissions, including but not limited to:

a.     In failing to adequately screen Decedent for indications of self harm;

b.     In failing to adequately screen Decedent to properly assess his sickle cell disease, which caused him excruciating and unbearable pain to the point of determining that death was better than life;

c.     In failing to provide medical services to Decedent by a licensed medical provider in order to assess his physical, emotional, and mental state when the Defendants knew, or should have known, that he was in excruciatingly unbearable pain and that he was going to end his life in order to avoid the pain and discomfort caused by his sickle cell condition;

d.     In failing to monitor and check the condition of the Decedent while in the prison facility when Defendants knew, or should have known, that Decedent was at risk to inflict self-harm and had the means to access to materials to inflict self-harm;

e.     In failing to search Decedent's cell for materials he could use to inflict self harm, which would have prevented him from committing suicide;

f.     In failing to take reasonable steps to monitor Decedent's condition and to safeguard him by appropriately monitoring Decedent and checking on Decedent as per the rules, policies, procedures, and guidelines of the South Carolina

Department of Corrections;

g.      In failing to take reasonable steps to monitor Decedent and then covering up the failure to take these reasonable steps by falsifying records so as to make it appear that Defendants had confirmed the wellbeing of the Decedent as required by the department's rules, regulations, and guidelines;

h.      In placing Decedent in a cell with fixtures that could be used as anchor devices for suicide attempt;

i.      In failing to monitor Decedent via regular checks by John Doe and other similarly situated employees, so as to confirm the wellbeing of Decedent and interrupt Decedent's known plans to inflict self -harm;

j.      In failing to place Decedent under the care of an appropriate healthcare professional and to keep him under reasonable observation given Decedent's statements about ending his own life;

k.      In failing to conduct the required inmate cell checks for all inmates at regular intervals, leaving Decedent unobserved for hours and thus allowing him to commit suicide.

19.      As a direct and proximate result of the individual Defendants' unreasonable conduct and/or deliberate indifference to a known, serious medical condition and the failure to take reasonable steps to address the same, Defendants violated Decedent's constitution right to medical attention under the Fourth and Fourteenth amendment causing his death.

**FOR A SECOND CAUSE OF ACTION 42 U.S.C. § 1983, FOURTEENTH AMENDMENT SURVIVAL CLAIM AGAINST DEFENDANTS STIRLING, WILLIAMS, JR., JOHN DOE, JOHN DOE 1, AND JANE DOE FOR DENIAL OF MEDICAL ATTENTION TO A KNOWN, SERIOUS MEDICAL CONDITION.**

20.      Plaintiff would reallege the factual allegations in the previous paragraphs as if

7

fully set forth herein.

21.    Decedent was forced to endure great conscious pain and suffering before he committed suicide.  Decedent made it clear to Defendants' agents, servant, and employees that his sickle cell condition caused him chronic, excruciating, unbearable pain and that he could not take the pain and would commit suicide.  Plaintiff hereby files this action as a survival action on behalf of the estate of the Decedent.

22.    Defendants Stirling, Williams, Jr., John Doe, John Doe 1, and Jane Doe knew, or should have known, that Decedent was in a disturbed emotional state and was enduring chronic, unbearable, excruciating pain from his sickle cell condition. The Defendants were unreasonable and deliberately indifferent to the serious medical needs of Decedent and failed to take reasonable steps to address his condition.  They breached their constitution duty to Decedent by their acts and omissions, including but not limited to:

a.    Failing to adequately screen Decedent for indications of self-harm when he was moved to Perry;

b.    In failing to adequately screen Decedent to properly assess his sickle cell disease which caused him excruciating and unbearable pain to the point of determining that death was better than life;

c.    In failing to provide medical services to Decedent by a licensed medical provider in order to assess his physical, emotional, and mental state when the Defendants knew, or should have known, that he was in excruciatingly unbearable pain and that he was going to end his life in order to avoid the pain and discomfort caused by his sickle cell condition;

d.    In failing to monitor and check the condition of the Decedent while in the

8

prison facility when Defendants knew, or should have known, that Decedent was at risk to inflict self-harm and had the means to access to materials to inflict self-harm;

e.     In failing to search Decedent's cell for materials he could use to inflict self-harm which would have prevented him from committing suicide;

f.     In failing to take reasonable steps to monitor Decedent's condition and to safeguard him by appropriately monitoring Decedent and checking on Decedent as per the rules, policies, procedures, and guidelines of the South Carolina Department of Corrections;

g.     In failing to take reasonable steps to monitor Decedent and then covering up the failure to take these reasonable steps by falsifying records so as to make it appear that Defendants had confirmed the wellbeing of the Decedent as required by the department's rules, regulations, and guidelines;

h.     In placing Decedent in a cell with fixtures that could be used as anchor devices for suicide attempt;

i.     In failing to monitor Decedent via regular checks by John Doe and other similarly situated employees, so as to confirm the wellbeing of Decedent and interrupt Decedent's known plans to inflict self-harm;

j.     In failing to place Decedent under the care of an appropriate healthcare professional and to keep him under reasonable observation given Decedent's statements about ending his own life;

k.     In failing to conduct the required inmate cell checks for all inmates at regular intervals, leaving Decedent unobserved for hours and thus allowing him to

9

commit suicide.

23.    As a direct and proximate result of the individual Defendants' deliberate indifference to a known health and safety risk and to a known, serious medical condition and the failure to take reasonable steps to address the same, Defendants violated Decedent's constitutional right to safety and reasonable medical attention under the Fourth and Fourteenth Amendment causing severe physical suffering and pain prior to his death.

**FOR A THIRD CAUSE OF ACTION GROSS NEGLIGENCE UNDER THE SCTCA WRONGFUL DEATH CLAIMED AGAINST DEFENDANT STIRLING, IN HIS REPRESENTATIVE CAPACITY FOR FAILURE TO PROVIDE HEALTH AND SAFETY TO DECEDENT AND THE DENIAL OF MEDICAL ATTENTION TO A KNOWN SERIOUS MEDICAL CONDITION.**

24.    Plaintiff would reallege his previous allegations as if fully set forth herein.

25.    Plaintiff claims damages for the wrongful death of Decedent, and for the loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, council and advice, and for funeral and burial expenses under the South Carolina Tort Claims Act § 15-78-60(25) and the South Carolina Wrongful Death statute § 15-51-10 *et seq*.

26.    Defendant Stirling is responsible for the acts and omissions of employees acting in the course and scope of their official duties. The Department owed a duty of care to Decedent. They failed to exercise slight care in addressing the Decedent's health and safety while at Lee and failed to exercise slight care for Decedent's health and emotional state by not addressing the Decedent's chronic, unbearable, excruciating pain related to his sickle cell condition and his statements that he was going to commit suicide if he did not receive medical attention to relieve the pain. As a result, they breached their duty for the care, supervision, custody, and control of Decedent in a gross and negligent manner by their acts and omissions including but not limited to:

10

a.      Failing to adequately screen Decedent for indications of self-harm when he was moved to Perry;

b.      In failing to adequately screen Decedent to properly assess his sickle cell disease, which caused him excruciating and unbearable pain to the point of determining that death was better than life;

c.      In failing to provide medical services to Decedent by a licensed medical provider in order to assess his physical, emotional, and mental state when the Defendants knew, or should have known, that he was in excruciatingly unbearable pain and that he was going to end his life in order to avoid the pain and discomfort caused by his sickle cell condition;

d.      In failing to monitor and check the condition of the Decedent while in the prison facility when Defendants knew, or should have known, that Decedent was at risk to inflict self-harm and had the means to access to materials to inflict self-harm;

e.      In failing to search Decedent's cell for materials he could use to inflict self-harm, which would have prevented him from committing suicide;

f.      In failing to take reasonable steps to monitor Decedent's condition and to safeguard him by appropriately monitoring Decedent and checking on Decedent as per the rules, policies, procedures, and guidelines of the South Carolina Department of Corrections;

g.      In failing to take reasonable steps to monitor Decedent and then covering up the failure to take these reasonable steps by falsifying records so as to make it appear that Defendants had confirmed the wellbeing of the Decedent as required

11

by the department's rules, regulations, and guidelines;

h.    In placing Decedent in a cell with fixtures that could be used as anchor devices for suicide attempt;

i.    In failing to monitor Decedent via regular checks by John Doe and other similarly situated employees, so as to confirm the wellbeing of Decedent and interrupt Decedent's known plans to inflict self -harm;

j.    In failing to place Decedent under the care of an appropriate healthcare professional and to keep him under reasonable observation given Decedent's statements about ending his own life;

k.    In failing to conduct the required inmate cell checks for all inmates at regular intervals, leaving Decedent unobserved for hours and thus allowing him to commit suicide.

27.    As a direct and proximate result of the individual Defendants' deliberate indifference to a known, health and safety risk and a known, serious medical condition and the failure to take reasonable steps to address the same, Defendants violated Decedent's constitutional right to safety and reasonable medical attention under the Fourth and Fourteenth Amendment causing severe physical suffering and pain prior to his death.

**FOR A FIFTH CAUSE OF ACTION GROSS NEGLIGENCE UNDER THE SCTCA SURVIVAL CLAIM AGAINST DEFENDANT SOUTH CAROLINA DEPARTMENT OF CORRECTIONS FOR DENIAL OF MEDICAL ATTENTION TO A KNOWN SERIOUS MEDICAL CONDITION.**

28.    Plaintiff would reallege her previous allegations as if fully set forth herein.

29.    Decedent suffered great conscious pain and suffering because of the Department's failure to treat his injuries and provide to him any pain relief or any relief whatsoever. Decedent also suffered great conscious pain and suffering due to the Department's failure to address his

promises and threats to commit suicide because of the pain he was in. Plaintiff has filed this action pursuant to the survival action as allowed by South Carolina law.

30. Defendant Stirling is responsible for the acts and omissions of employees acting in the course and scope of their official duties. The Department owed a duty of care to Decedent. They failed to exercise slight care in addressing the Decedent's safety and health while at Perry and failed to exercise slight care for Decedent's health and emotional state by failing address the Decedent's chronic, unbearable, excruciating pain related to his sickle cell condition and his statements that he was going to commit suicide if he did not receive medical attention to relieve the pain. As a result, they breached their duty for the care, supervision, custody and control of Decedent in a gross and negligent manner by their acts and omissions including but not limited to:

a. Failing to adequately screen Decedent for indications of self-harm when he was moved to Perry;

b. In failing to adequately screen Decedent to properly assess his sickle cell disease, which caused him excruciating and unbearable pain to the point of determining that death was better than life;

c. In failing to provide medical services to Decedent by a licensed medical provider in order to assess his physical, emotional, and mental state when the Defendants knew, or should have known, that he was in excruciatingly unbearable pain and that he was going to end his life in order to avoid the pain and discomfort caused by his sickle cell condition;

d. In failing to monitor and check the condition of the Decedent while in the prison facility when Defendants knew, or should have known, that Decedent was

at risk to inflict self-harm and had the means to access to materials to inflict self-harm;

e.     In failing to search Decedent's cell for materials he could use to inflict self-harm, which would have prevented him from committing suicide;

f.     In failing to take reasonable steps to monitor Decedent's condition and to safeguard him by appropriately monitoring Decedent and checking on Decedent as per the rules, policies, procedures, and guidelines of the South Carolina Department of Corrections;

g.     In failing to take reasonable steps to monitor Decedent and then covering up the failure to take these reasonable steps by falsifying records so as to make it appear that Defendants had confirmed the wellbeing of the Decedent as required by the department's rules, regulations, and guidelines;

h.     In placing Decedent in a cell with fixtures that could be used as anchor devices for suicide attempt;

i.     In failing to monitor Decedent via regular checks by John Doe and other similarly situated employees, so as to confirm the wellbeing of Decedent and interrupt Decedent's known plans to inflict self -harm;

j.     In failing to place Decedent under the care of an appropriate healthcare professional and to keep him under reasonable observation given Decedent's statements about ending his own life;

k.     In failing to conduct the required inmate cell checks for all inmates at regular intervals, leaving Decedent unobserved for hours and thus allowing him to commit suicide.

14

31.     As a direct and proximate result of the individual Defendants' deliberate indifference to a known, health and safety risk and a known, serious medical condition and the failure to take reasonable steps to address the same, Defendants violated Decedent's constitutional right to safety and reasonable medical attention under the Fourth and Fourteenth Amendment causing severe physical suffering and pain prior to his death.

**FOR A SIXTH CAUSE OF ACTION GROSS NEGLIGENCE UNDER SCTCA WRONGFUL DEATH AND SURVIVAL AGAINST DEFENDANT STIRLING, AND WILLIAMS, JR., FOR INADEQUATE TRAINING AND SUPERVISION OF ITS EMPLOYEES.**

32.     Plaintiff would reallege his previous allegations as fully set forth herein.

33.     Defendant Stirling in his representative capacity for the South Carolina Department of Corrections is responsible for the acts and omissions of his employees acting in the course and scope of their official duties. Stirling and Williams were the supervisory actors at Perry. They, and other employees now unknown, were responsible for the training and supervision of employees and had a duty of care for the custody, care, and control of inmates at the correctional institute. Defendants Stirling and Williams breached their duties of care to the Decedent and were grossly negligent, willful, and wanton by failing to adequately train and supervise their employees in the following areas:

a.      To adequately hire, manage, supervise, and train officers and staff at Perry, creating a risk of great physical harm, injury, and death peculiar to Decedent's incarceration, since Defendants knew that such conditions and circumstances created a substantial risk of injury and/or death and could foreseeably be a factor in Decedent's suicide;

b.      To establish guidelines, training, and procedures or, if such were in place,

15

in failing to follow such guidelines, training, and procedures for the processing, identification, confinement, treatment, safeguarding of inmates at Lee;

c.    To establish guidelines, training, and procedures or, if such were in place, in failing to follow such guidelines, training, and procedures so as to allow for the proper monitoring of suicidal and emotionally disturbed inmates; alternatively, if guidelines or procedures do exist, they are grossly inadequate to ensure the proper processing, confinement, treatment, safeguarding, and monitoring of suicidal and emotionally disturbed inmates by the Department's personnel;

d.    To establish and form the training and supervision of officers in the confinement, treatment, and monitoring of suicidal and/or emotionally and physically impaired inmates in a grossly inadequate or non-existent manner; moreover, said Defendants failed to establish or adhere to a suicide-prevention program.

34.    The acts and omissions the individual Defendants demonstrated the absence of slight care and constitutes gross negligence to the rights of Decedent. The above acts and omissions of Defendants subjected Decedent to the deprivation of his constitutional rights. As a direct and proximate cause and consequence of the conduct of these Defendants, Decedent suffered emotional injury and trauma, bodily injury, loss of life, and experienced great pain, suffering and anguish both prior to and at the time of his death.

**FOR A SIXTH CAUSE OF ACTION U.S.C. §1983 SUPERVISOR AND STATE ACTOR LIABILITY AGAINST DEFENDANTS STIRLING AND WILLIAMS FOR UNCONSTITUTIONAL POLICIES AND PROCEDURES RESULTING IN DEPRIVATION OF DECEDENT'S CONSTITUTIONAL RIGHTS.**

35.    Plaintiff would reallege his previous allegations as if fully set forth herein.

36.    Upon information and belief, Defendant Stirling is the director of the South

16

Carolina Department of Corrections, and Defendant Williams is warden for the Perry Correctional Institute. Alternatively, Defendant Stirling is the chief policymaker for the South Carolina Department of Corrections. Upon information and belief, Defendant Williams is in charge of daily operations of the Perry Correctional Institute. They, and other supervisors now unknown, were responsible for the training and supervision of employees in the exercise of their duties for the custody and care of detainees at the detention center.

37.     Supervisors breached their duty of care to Decedent by establishing official policies that do not adequately train and do not adequately supervise the employees in the following areas:

a.     Failing to adequately screen Decedent for indications of self-harm when he was moved to Perry;

b.     In failing to adequately screen Decedent to properly assess his sickle cell disease, which caused him excruciating and unbearable pain to the point of determining that death was better than life;

c.     In failing to provide medical services to Decedent by a licensed medical provider in order to assess his physical, emotional, and mental state when the Defendants knew, or should have known, that he was in excruciatingly unbearable pain and that he was going to end his life in order to avoid the pain and discomfort caused by his sickle cell condition;

d.     In failing to monitor and check the condition of the Decedent while in the prison facility when Defendants knew, or should have known, that Decedent was at risk to inflict self-harm and had the means to access to materials to inflict self-harm;

e.      In failing to search Decedent's cell for materials he could use to inflict self-harm, which would have prevented him from committing suicide;

f.      In failing to take reasonable steps to monitor Decedent's condition and to safeguard him by appropriately monitoring Decedent and checking on Decedent as per the rules, policies, procedures, and guidelines of the South Carolina Department of Corrections;

g.      In failing to take reasonable steps to monitor Decedent and then covering up the failure to take these reasonable steps by falsifying records so as to make it appear that Defendants had confirmed the wellbeing of the Decedent as required by the department's rules, regulations, and guidelines;

h.      In placing Decedent in a cell with fixtures that could be used as anchor devices for suicide attempt;

i.      In failing to monitor Decedent via regular checks by John Doe and other similarly situated employees, so as to confirm the wellbeing of Decedent and interrupt Decedent's known plans to inflict self -harm;

j.      In failing to place Decedent under the care of an appropriate healthcare professional and to keep him under reasonable observation given Decedent's statements about ending his own life;

k.      In failing to conduct the required inmate cell checks for all inmates at regular intervals, leaving Decedent unobserved for hours and thus allowing him to commit suicide.

38.   As a direct and proximate cause and consequence of the acts and omissions of the Defendants herein, the Defendants are liable under 42 U.S.C. § 1983 and § 1988 for allowing

18

policies, customs, and practices to exist that violated Decedent's Fourth and Fourteenth Amendment rights to freedom from cruel and unusual punishment without due process of law, liberty interest and a right and bodily safety in the circumstances peculiar to his incarceration; liberty interest to freedom from the Declaration of Life without due process of law and liberty interest in an expectation for treatment respect to safely, health and wellbeing, and security.

**FOR A SEVENTH CAUSE OF ACTION U.S.C. §1983 FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS AGAINST JOHN DOE, JOHN DOE 1 AND JANE DOE FOR DENIAL OF MEDICAL ATTENTION RESULTING IN DEPRIVATION OF DECEDENT'S CONSTITUTIONAL RIGHTS.**

39.     Plaintiff would reallege his previous allegations as if fully set forth herein.

40.     The Defendants, John Doe and Jane Doe, were aware that Decedent was suicidal. They were not trained to make mental health assessments or, if they were trained, they failed to make an appropriate mental health assessment of the Decedent. Jane Doe refused to seek intervention on behalf of the Decedent and failed to provide appropriate medical care and treatment when she knew, or should have known, that the Decedent was in excruciating, unbearable pain and that he had promised to commit suicide if he did not receive relief.  These Defendants failed to assess and properly address Decedent's medical condition as well as his emotional condition that led to his suicide.  These Defendants failed to address his suicide threat. As a direct and proximate result of these unreasonable and deliberately indifferent acts and omissions, Decedent's right to medical treatment was denied causing him conscious pain and suffering during his life and ultimately causing his death.

**PRAYER FOR RELIEF**

WHEREFORE, having fully set forth the grounds of this Complaint, Plaintiff prays this Court to award the following:

1.     Compensatory damages in an appropriate amount.

19

2.      Punitive damages in an appropriate amount.

3.      Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and for such other relief as this Court may deem just and proper.

**REEVES & LYLE, LLC**

s/Paul L. Reeves
Paul L. Reeves (Fed ID # 3231)
PO Box 11126
Columbia, SC 29211
(803) 929-0001
(803) 929-0927 (facsimile)
paul@reevesandlyle.com
*Attorneys for the Plaintiff*

**COLEMAN & TOLEN, LLC**

s/Creighton B. Coleman
Creighton B. Coleman (Fed ID # 6521)
120 West Washington Street
PO Box 1006
Winnsboro, SC 29180
(803) 635-6884
(803) 635-9228 (facsimile)
creighton@colemantolen.com

**THE STROM LAW FIRM**

s/Bakari Sellers
Bakari T. Sellers (Fed ID# 11099)
6923 North Trenholm Rd, Ste 200
Columbia, SC 29206
(803) 252-4800
bsellers@stromlaw.com

Columbia, South Carolina
July 23, 2021