IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Deanna E. Shaw as the Personal Representative of the Estate of Keishawn Omar McManus,<br><br>                             Plaintiff,<br><br>          vs.<br><br>SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, BRYAN STIRLING in his official capacity as Head of South Carolina Department of Corrections, CHARLES WILLIAMS, JR, individually and/or in his official capacity as warden of Perry Correctional Institution, Tina M. Byrd, Brian Mitchell, and Steven Wilson, individually and/or in their official capacity as a correctional officers at Perry Correctional Institution, and Avril J. Fennell, individually and/or in her official capacity as a Qualified Mental Health Professional at Perry Correctional Institution and/or the South Carolina Department of Corrections,<br><br>                         Defendants. | CA No: 1:21-cv-02259-SVH<br><br><br>ORDER APPROVING SETTLEMENT |

This matter comes before me pursuant to S.C. Ann. §§15-51-41, et. seq. and upon the attached verified Petition of Deanna Shaw, as Personal Representative for the Estate of the Decedent Keishawn Omar McManus, for an Order approving and confirming the settlement set out in said Petition. The Petition is incorporated herein by reference and fully made a part of this Order.

This action is brought by the Petitioner seeking to recover for any and all claims she and the Estate of Keishawn Omar McManus might have arising from the death of Keishawn Omar McManus. The parties have both set forth their positions in regard to this matter in the

1

pleadings.

It is represented that the terms of the settlement proposed between the parties calls for payment as follows:

> To Deanna Shaw as the personal representative of the Estate of Keishawn Omar McManus, the total sum of Five Hundred Ten Thousand ($510,000.00) Dollars, with $509,900.00 allocated for the wrongful death claim and $100.00 allocated for the survival action.

The Defendants have denied liability and have stipulated that this settlement is not to be construed as an admission of liability. The Plaintiff stipulates that she is dismissing any and all claims with prejudice. These payments are made in consideration for all claims or causes of action against these parties, and their employees, former employees, insurers, agents, successors, and assigns.

The Petitioner, as Personal representative of the Estate of Keishawn Omar McManus, has incurred bills, costs and expenses for and on behalf of the Decedent and the Estate, including attorney's fees and costs as denoted in the disbursement statement provided by Plaintiff's counsel, which was presented to the Court at the hearing for approval of this settlement. The Petitioner states that she agrees that these bills, costs, and expenses, as well as any future and unknown bills, costs and expenses shall be paid from the proceeds of this settlement. I find this to be appropriate and direct the Petitioner to do as she has agreed.

Additionally, the Petitioner has agreed to pay any outstanding bills or expenses and/or satisfy any liens arising out of this matter from the proceeds of the settlement. I find this to be appropriate and direct the Petitioner to do as she has agreed.

After due consideration and inquiry into the circumstances surrounding the incident out

2

of which the cause of action or claims and proposed settlement arose, I find and conclude under the circumstances that this agreement for compromise is just and reasonable and in the best interest of the Estate of Keishawn Omar McManus and his beneficiaries: Therefore, I am of the opinion that settlement is appropriate and in the best interest of the Estate and so find that the settlement should be approved.

**NOW, THEREFORE,**

IT IS ORDERED that the compromise, as recited in the Petition, be and hereby is approved as a fair, just and reasonable settlement of the contest and controversy existing between Deanna Shaw, as Personal Representative for the Estate of the Decedent Keishawn Omar McManus, his heirs and beneficiaries and the Defendants, their employees, former employees, insurers, agents, successors and assigns, and any other individuals or entities.

AND IT IS FURTHER ORDERED, that the Personal Representative for the Estate of Keishawn Omar McManus, whose actions are binding upon the Estate of Keishawn Omar McManus, and his heirs and beneficiaries, is directed, authorized and empowered to execute such release, order of dismissal or other documents or to take any appropriate action to effectuate and consummate the settlement, thereby relieving and forever discharging the Defendants, their employees, former employees, insurers, agents, successors and assigns from any liability whatsoever and from all claims and demands of whatsoever nature, including, but not limited to, all causes of action in any way related to the allegations in this lawsuit, which Deanna Shaw, and the Estate of the Decedent Keishawn Omar McManus, his survivors, heirs, beneficiaries and/or Representatives have or might have arising out of said incident and litigation.

IT IS FURTHER ORDERED that any and all prejudgment interest and costs are resolved as a result of this compromise settlement.

3

IT IS SO ORDERED.

Shiva V. Hodges
United States Magistrate Judge

Columbia, South Carolina
September 13, 2022